UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KEITH WALLACE,

            Plaintiff,

  -against-

BRIAN FISCHER, Individually, and as the
Commissioner of the New York State
Department of Correctional Services;
WILLIAM A. LEE, Individually, and as
Superintendent for Green Haven Correctional
Facility; LT. MELVILLE, Individually, and as
Hearing Officer for Green Haven Correctional
Facility; SGT. FUNK, Individually, and as
sergeant for Green Haven Correctional
Facility; OFFICER FREDERICKS,
Individually, and as investigating sergeant for
Green Haven Correctional Facility; ALBERT
PRACK, Individually; and R. KOSKOWSKI,

            Defendants.

------------------------------------------------------------X

12 Civ. 8723 (PAC) (RLE)

**ORDER ADOPTING REPORT
& RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    *Pro se* Plaintiff Keith Wallace brings this 42 U.S.C. §§ 1983, 1985, and 1986 action for alleged violations of his constitutional rights while he was incarcerated at the Green Haven Correctional Facility in Stormville, New York.[1] In particular, he alleges that (1) corrections officers retaliated against him for filing a racial discrimination complaint by falsely accusing him of misconduct; (2) his First Amendment right to free speech was violated; (3) he was denied due process in his disciplinary hearing, which led to his confinement in the Special Housing Unit

---

[1] Wallace is currently incarcerated at the Clinton Correctional Facility in Dannemora, New York

1

("SHU") for 12 months; and (4) supervisory officials are liable for failing to prevent the violations. Defendants Fischer, Lee, Melville, Funk, and Fredericks move to dismiss the Complaint for failure to state a claim.[2]

Magistrate Judge Ronald L. Ellis issued a Report and Recommendation ("R&R") concluding that all claims should be dismissed, except the due process claims against Hearing Officer Melville. (*See* Dkt. 25 (Mar. 11, 2014).) Magistrate Judge Ellis also recommends that (1) Wallace be granted leave to amend his due process claim in order to "establish a detailed record regarding the harshness of the confinement" in the SHU (*id.* at 17) and (2) Wallace's request for sanctions against Defendants' attorney be denied (*id.* at 28–29). Both sides objected.

Wallace objects to the R&R in two respects. (Dkt. 26.) First, he contends that his claims against Frederick and Funk should not be dismissed "[despite] his failure to exhaust administrative remedies" against them because he "is a layman to the law." Second, Wallace contends that Fredericks and Funk are not entitled to immunity because they were "acting under their official capacities" when they allegedly retaliated against him. Wallace also submits additional allegations to amend his due process claims, apparently in response to Magistrate Judge Ellis's recommendation that he be permitted to do so.

Defendants object that the issue of whether Wallace was deprived of a liberty interest turns on a comparison of his confinement with "normal SHU confinement" (Dkt. 27), not with "confinement of prisoners in the general population at Green Haven," as the R&R indicates (at 17). Defense counsel also states that "Melville reserves his rights to assert his defenses including the entitlement of qualified immunity in any motion against the amended complaint."

---

[2] Defendants Prack and Koskowski do not move; apparently they had not been served with the Complaint at the time of the motion. (*See* Defs.' Op. Br. 1 n.1.)

2

## DISCUSSION

Where a party makes a timely objection in writing to an R&R, a district court must review the contested issues *de novo*. *See Arista Records LLC v. Doe*, 604 F.3d 110, 116 (2d Cir. 2010) (citing Fed. R. Civ. P. 72(b)(2)). On the other hand, the court will review an R&R only for clear error to the extent that no timely objections to it have been submitted and to the extent that there are "only conclusory or general objections, or simply reiterat[ions of] the original arguments." *Rickett v. Orsino*, No. 10-CV-5152, 2013 WL 1155354, at *2 (S.D.N.Y. Mar. 21, 2013).

Upon *de novo* review of the R&R's analyses of the disputed issues relating to administrative exhaustion, official immunity, and due process, the Court finds no error.

The R&R correctly concludes that Wallace's claims against Frederick and Funk are barred for failure to exhaust his administrative remedies, a failure Wallace now admits in his objections. Not receiving a response to his initial grievance is no excuse. *See Ramrattan v. Schriro*, No. 11-CV-3749, 2013 WL 3009908, at *2 (S.D.N.Y. June 17, 2013) ("Even if an inmate receives no response to his initial grievance, he nevertheless must proceed through all five steps before filing a lawsuit."). That he is a "layman to the law"—like most other inmates—does not exempt him from the administrative exhaustion requirements of the Prison Litigation Reform Act. *See* 42 U.S.C § 1997e(a). This is not a "special circumstance" where a prisoner reasonably believed that his grievances were being addressed or that they were non-grievable. *Cf. Abney v. McGinnis*, 380 F.3d 663, 666 (2d Cir. 2004) (prisoner "was mired in a Catch–22" where prison officials' "failure to implement the multiple rulings in [his] favor" rendered the grievance process effectively unavailable); *Giano v. Goord*, 380 F.3d 670, 678 (2d Cir. 2004) (prisoner reasonably misinterpreted a regulation to prevent him from filing a grievance on

matters "relating to" disciplinary proceedings). As the R&R explains, Wallace does not plausibly allege that he was confused about the grievance system; rather, he contends that he is not bound by that system because it would not have resulted in disciplinary actions against staff. (*See* R&R at 14 (citing Pl.'s Mem. at 2).) A perceived absence of a preferred remedy is no excuse.

Likewise, there is no error in the R&R's conclusions regarding Defendants' immunity. The R&R correctly explains that Wallace's claims for monetary damages against defendants "in their official capacities" are barred by sovereign immunity. (*See* R&R at 26 (citing *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002)).) To the extent that Wallace objects to a finding of "qualified immunity" for the Defendants as *individuals*, his objections are in vain: the R&R does suggest that any of the Defendants are individually immune. (*See* R&R at 27.) The R&R finds Melville unprotected by qualified immunity and recommends dismissal as to the rest on other grounds. (*See id.*)

As for Defendants' objections, there is no error in the R&R's conclusion that "Wallace's sentence of twelve months in SHU likely constitutes a sufficient departure from the ordinary incidents of prison life." (R&R at 16.) Contrary to Defendants' implication, a determination that the conditions were "normal" by SHU standards does not end the inquiry under *Sandin v. Connor*, 515 U.S. 472 (1995). As the Second Circuit has explained, "Confinement in normal SHU conditions for 305 days is in our judgment a sufficient departure from the ordinary incidents of prison life to require procedural due process protections under *Sandin*." *Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000). Indeed, *Sandin* itself evaluated the issue "[b]ased on a comparison between inmates inside and outside disciplinary segregation." 515 U.S. at 486 (holding that "30 days [in the SHU] did not work a major disruption in [the prisoner's]

4

environment"). Therefore, Wallace has plausibly alleged the deprivation of a liberty interest.[3]

The Court also adopts the R&R's conclusion that Melville cannot demonstrate entitlement to qualified immunity upon the face of the Complaint. *See* R&R at 28; *McKenna v. Wright*, 386 F.3d 432, 438 (2d Cir. 2004) (dismissing appeal where "the availability of qualified immunity cannot now be determined as a matter of law" upon a motion to dismiss). If facts emerge to demonstrate that Melville could not reasonably be charged with knowing that his conduct was unlawful, the Court will entertain a motion at the appropriate time.

The Court has reviewed the remainder of the R&R for clear error and finds none.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R in its entirety. Accordingly, all claims are DISMISSED except the due process claims against Melville. The Clerk of Court is directed to terminate the motion at Docket No. 16. The reference to Magistrate Judge Ellis is continued.

Dated: New York, New York
      March 31, 2014

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge

Copy mailed by chambers to:

Keith Wallace
01-A-3093
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

---

[3] The Court deems Wallace to have amended his Complaint with the additional allegations stated on pages 2 to 3 of his objection letter. (*See* Dkt. 26.) No further amendment is necessary.

5